Case 1:05-cv-00472-KAJ    Document 1-2    Filed 07/06/2005    Page 1 of 7

```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF DELAWARE
```

GBEKE MICHAEL AWALA PRO SE,   )
    PLAINTIFF,                )
                              )
                              )        Civil No. 05- 472
vs.                           )
                              )        **FILED**
ATTORNEY SAMUEL C. STRETTON   )        JUL - 6 2005
    DEFENDANT,                )
                              )        CIVIL ACTION
                              )        U.S. DISTRICT COURT
                              )        DISTRICT OF DELAWARE



BD scanned
NO IFP

CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS-DEPROGRAMMING MANNER
OR DEPRIVATION OF PROFESSIONAL DISCRETION FORWARD FOR APPEAL PRO SE.

    NOW COMES, the Plaintiff, Mr. Gbeke Michael Awala, Pro Se, moves this Honorable Court to pursuant to Fed.R.Civil P. <u>3 et seq</u> commencement of Action, herein the defendant abused of process was not in usual course of professional practice, under compensation under subsection (d) of the Criminal Justice Act of 1964 (18 U.S.C. §3006A(d)), of counsel appointed for accused, 9 A.L.R. Fed 569 et seq.

    In support thereof plaintiff states as follows:

(a)    JURISDICTION OF THE COURT: This Court have Jurisdiction under Title 42 U.S.C.A §1983 and §1985, and Title 1988 et seq.

(b)    CAUSE OF ACTION: The counsel was appointed by this Court under the criminal matter procured by the Government against the plaintiff( Criminal No. 04901-KAJ), stand by counsel, although the plaintiff contested the attached counsel hereto, as the palintiff choose to over see the case under the well repected Pro Se status.

(c)    STATEMENT OF CLAIM: Within the limited time the aforesaid counsel was assigned by this court--action deems inappropriate to

1

"COURT-APPOINTED Attorney"
where the complaint alleged that the
agents and the attorney were part of
single conspiracy involving sevreral
other persons who did act under color
of state law. Williams v. Rhoden, Fla(1980)

In this case at bar attorney Samuel C. Stretton acted
under the color of the federal law thus his liable for
his actions against Mr. Awala.

In re **Amend.6**

**A defendant** waives right to counsel when he exercises right
to defend Pro Se. U.S. ex rel. Torry v. Rockefeller, D.C.N.
Y.1973, 361 F.Supp. 422.

Defendant who knowingly, intelligently, and willfully chose
to speak for himself at trial, waived right to assistance
of counsel U.S. v. Shea. C.A.(Ga). 1975, 508, F.2d 82.

Disagreements between counsel and client.
To compel one charged with grievous crime
to undergo trial with assidtance of
attorney with whom he has become embroiled in
irreconcilable conflict is to **deprive** him
of effective assistance of any counsel
whatsoever. Brown v. Craven, C.A.Ca1970
424 F.2d 1166.

Defendant was denied effective assistance of counsel
where defendant's appeal emanated from the same
district court in which his attorney was indicted.
U.S. v. Defalco, C.A.N.J. 1979, 644 F.2d 132.

THE COURT IN AWALA MUST RECORGNIZE THE RECOMMENDATION OF
SELF-DEFENSE OR SELF-REPRESENTATION.

The defendant degraded the executive choice of Mr Awala and his

defense undertaken are void within the Code of Proffessional manner
seth forth by the American Bar association and the this Court for...

the defense. The Counsel attorney Samuel C. Stretton, acted unruly and does deprogramme the plaintiff's appeal preserved by him under Appeal No.s 05-2684 and 05-2382(Both appeals were not filed under is discretion or control) and without the consent of the lead or sole counsel on this cases, Mr. Awala, counsel Samuel Stretton filed a Motion to withdraw the said appeals, creating serious fatal disturbances upon the programming of the defense in his case.

(d)    OTHER STATUTORY/CONSTITUTIONAL/DECISIONAL AUTHORITIES

One of the most basic of the rights guaranteed by the Confrontation clause of U.S.C.A. Const Amend. 6 is the accused's right to be present in the Courtroom at every stage of his Trial. <u>Illinois v. Allen (1970) 90 S. Ct. 1057, 397 U.S. 337, 25 L Ed. 2d 353.</u> And See also In collateral attack based on absence of particular Petitioner at Trial. test is whether as result of such absence petitioner was prderived of either fair trial or due process of Law in some Fundermental way. <u>Pope v. U.S., D.C.(Tex) 1967, 287 F.Supp, 214, affirmed 398 F.2d 834.</u> and (Contention that defendants were denied due process of law by beign **removed** from the Courtroom during the Time that counsel exercised preremptory challenges could be raised as **Plain Error**, <u>U.S. v. Chrisco(Mo)1973. 487 F.2d 505.</u>

**TO CONTINUE IN THIS CASE AT BAR:** The section 1985 encompasses the equal protection clause of <u>U.S.C.A. Const. Amend 14. Moss v. Horing C.A.2. (Conn) 1963, 314 F.2d 89.</u> Mr. Gbeke M. Awala is not dumb and deaf to understand how and what the ethics governing attorney professional conduct represents and attorney-client relationship and such a relationship had constantly created misunderstanding and confusion as was in this case(where it appeared that there was a misunderstanding between two attorney's one

2

of whom left the office of the other, as to who was to handle appeals, court of appeals granted MOTION for leave to file brief and appendix three and one half years after filing of record, and denied Motion to dismiss appeal. <u>Avlon v. Greencha Holding Corp.</u>, C.A.2 1956, 232 F.2d 129.

In this case at bar attorney Samuel C. Stretton in furtherance of Conspiracy to interfere with Mr. Awala's Civil rights--committed a serious perjury to the accumulation of factual error that he his in fact the appointed Counsel of record. in one letter to me switch position---stand by counsel, whereas in another letter lied to the appeals Court he is the main counsel. Misunderstanding the well formed professional ethical guidelines and cuasing serious actual injury upon the appellant/plaintiff/defendant/Mr. Gbeke M. awala' case under appeal when the Circuit court ruled applying <u>(Anders v. California(1967)</u>. The appellant herein Mr. Gbeke Awala filed an opposing contention indicating the dissenting opinion of the Justice stating(when the issues raised or on the grounds that if the record presented any arguable issues, a court-appointed lawyer would not deem the appeal to be wholly frivolous).

(d)    **RELIEF SOUGHT**: <u>DISBARMENT</u>- where it is shown to the Court that any member of its Bar has been engaged in conduct unbecoming a member of the Bar of this Court. Such member forthwith may be suspended from practice before this court( in this case Mr. Awala herein plaintiff have complained against the aforementioned Lawyer his conduct which is deemed not good in usual course of action, in professional practice and in addition the attorney's fees shall be forfeituted over the non-prevailing representation disposed in the plaintiffs criminal matter under(Cr. 04901-KAJ-Mr. Awala moves for injuction against any attorney feees due payable to Mr. Samuel

3

<u>In</u> the State of Pennsylvania in Westchester......

<u>OTHER FACTS</u>: Pending The removal from ambigousity to Light Involves the alleged Sex Offenses of the defendent against minor meaning under aged persons below 18 years, as Testified by other persons under the Plaintiffs "Protective orders": Whereas: a Rape was alleged Involue in such case.: Attorney Samuel C. Stretton: may face Life Imprisonment as in: ( Imposition of Mondatory Sentencing of Life Imprisonment at hard Labor without benefit of parole, Probation, or Suspension of Sentence. for Crime of aggravated Rape was not violative- 8 Amendment: See State v. Prestridge. La 1981, 399 So. 2d 564.

Respectfully Submitted

C. Stretton under compensation subsection (d) of the Criminal Justice Act of 1964 (18 U.S.C. §3006A(d)), of counsel appointed for accused, 9 A.L.R. Fed 569 et seq.   and **BURDEN OF PROOF**: In proceeding upon order to show cause why attorney should not be disbarred from practice before United States District Court, burden of Showing good cause is upon the attorney. See : re Isserman(1953) 73 S. Ct. 676, 345 U.S. 286, 97 LEd 1013.

CONCLUSIONS:   **Deprogramming manner or method of deprivations (this section Tile 42 U.S.C.A. §1985 afforded redress for injuries allegedly resulting from private Conspiracy actively engaged in interferance with plaintiff's professional ethical belief).** See Ward v. Connor, C.A. 4(Va) 1981, 657 F.2d 45.   In Awala v Stretton the counsel was actively intimidating Mr. Awala despite several letters written to him to withdraw from the case. "he says thank you I'm helping you to win," to the defense a deceptive language used to coerced or place Mr. Awala on duress, such furtherance of conspiracy was not excusable. See also( Counsel behaivor was not in usual course of professional practice and failure to file an appeal when told to do so or failure to inform the defendant of his rights to take direct appeal, was not excusable neglect, thus entitling defendant to take out-of-time appeal)( U.S. v. Dismuke M.D. (Ga) 1987, 655 F.Supp. 1394 affirmed 864 F.2d 106. In this case at bar finality is not the issues presented the issues as presented for redress is what it is and the facts are what the facts are exactly waht they are against this Counsel. Counsel must be expelled from the ongoing criminal matter against5 Mr. Awala. WHEREFORE: the plaintiff invokes a closing prayer, may the spirit of our lord and savior keeps your heart and mind as the Court address this issues in a matter of law and Order in the interest of Justice.

4

CERTIFICATE OF SERVICE

THIS IS TO SATIFY THAT A COPY OF THIS CIVIL ACTION WAS SERVED UPON THE AFOREMENTIONED COUNDEL DEFENDANT- SAMUEL C. STRETTON ATTORNEY AT LAW 301 S. HIGH STREET P.O. BOX 3231 West Chester, Pa 19381-3231. By regular mail through the United States Postal service.

Dated: 6/28/05

Other Damages: Nothwithstanding the relief sought in action counsel shall compensate the plaintiff a monetary damages in the value of **$15million** for all injuries sustained by plaintiffs due to the grave misconduct of the alleged counsel.

Submitted under penalty of perjury to be true and correct.

IN FORMA PAUPERIS

The plaintiff would resought to the court clerk to copy one of the inter alia submitted statement of account for six months, used for other civil proceeding in this court be admitted under to perfect as indigent proof for waiver of court's filing fees.

Total Pages: 5

Respectfully submitted,

_[signature]_

Gbeke Michael Awala Pro Se
No. 82074-054
FDC Philadelphia
P.O. Box 562
Philadelphia, PA 19105