IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 05-472-KAJ |
| | ) |
| ATTORNEY SAMUEL C. STRETTON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Plaintiff Gbeke Michael Awala ("Awala"), an inmate at the Federal Detention Center, in Philadelphia, Pennsylvania, brings this civil rights action against his appointed defense counsel, Samuel C. Stretton ("Stretton"). (D.I. 1.) The case was dismissed on January 13, 2006, when Awala failed to file the required documents to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 3.) Awala moves for reconsideration (D.I. 4) of the January 13, 2006 order, and in doing so, he argues the merits of his complaint.

Awala is well-known to the Court. In the interest of judicial economy, I will now proceed to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A. For the reasons discussed below, I am dismissing the complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

I.  **THE COMPLAINT**

Awala brings suit against Stretton who was appointed to defend Awala in a criminal case in this district court. *See United States v. Awala*, Crim. No. 04-90-KAJ (D.

Del.). On January 18, 2006, Awala was found guilty of illegally re-entering this country after having been deported, 8 U.S.C. § 1326. *Id.* at D.I. 175.

In this suit, Awala essentially alleges that, at the time of the filing of this civil complaint, Stretton was not providing him with effective assistance of counsel. He also alleges that Stretton conspired to deprive him of his civil rights, but makes no mention of who was involved in the alleged conspiracy.

Awala seeks compensatory damages in the sum of $1.5 million for all injuries sustained "due to the grave misconduct" of Stretton.

## II.  STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of

2

his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.  ANALYSIS

Stretton was appointed to represent Awala in a federal criminal case, and Awala seems to think Stretton is liable as an agent of the federal government. A claim against a federal defendant is governed by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 389 (1971). In *Bivens*, the Supreme Court created a federal tort counterpart to the remedy created by 42 U.S.C. § 1983 as it applies to federal officers. To state a claim under *Bivens*, a claimant must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law. *See Mahoney v. National Org. for Women,* 681 F.Supp. 129, 132 (D.Conn.1987) (citing *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978)).

Awala is quite clear in his complaint that he brings suit against Stretton on the basis that, according to him, he provided him with ineffective assistance of counsel. As noted above, when bringing a *Bivens* claim, a plaintiff must allege that the person who allegedly caused a constitutional deprivation acted under color of federal law. *See Mahoney,* 681 F.Supp. at 132 (citing *Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978)).

A defense counsel performing the traditional role of an attorney in criminal proceedings does not act under color of law. *See Polk County v. Dodson,* 454 U.S. 312 (1981); *Black v. Bayer,* 672 F.2d 309 (3d Cir.1982). This is true whether defense counsel is a public defender, court-appointed counsel, or privately retained. *See id.*;

*Cox v. Hellerstein,* 685 F.2d 1098,1099 (9th Cir. 1982) (federal public defenders are not amenable to suit under *Bivens* as they do not act under color of law). Because Stretton is not considered to have acted under color of federal law, Awala's claim against him fails under *Bivens*.

Therefore, I am dismissing, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) and §1915A(b)(1) the ineffective assistance of counsel claim brought against Stretton for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

IT IS THEREFORE ORDERED that:

1. The motion for reconsideration (D.I. 4) is DENIED.

2. Gbeke M. Awala's complaint is DISMISSED without prejudice as legally and factually frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d. Cir. 1976).

3. For the reasons set forth in this Memorandum Order, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3).

　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

March 3, 2006
Wilmington, Delaware