IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

---------X
:
GBEKE MICHAEL AWALA,
No. 82074-054
Federal Detention Center   :
P.O. Box 562
Philadelphia, PA 19105     :

    Plaintiff
:                      Civ. No. 05-472-KAJ

    vs.                   :

SAMUEL C. STRETTON,        ;
ATTORNEY AT LAW
301 SOUTH HIGH STREET      :
P.O. BOX 3231
WEST CHESTER, PA 19381-3231   :

:

    Defendant.             ;
---------X

FILED
APR 14 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

<u>COMPLAINT AND JURY DEMAND</u>

**Gbeke M. Awala** brings this Civil Rights Complaint appearing in Pro Se, and alleges as follows:

PRELIMINARY STATEMENT

1.    At all times relevant hereto, Plaintiff was from outside the State of Delaware, but was travelling through the Delaware River and Bay authority Memorial Bridge, on/or around August 12, 2004, when he was arrested by the above authority for failure to pay toll, and thereafter, brought into the custody of the U.S. Customs and Immigration service, and charged with illegal re-entrying the United States after deportation. Plaintiff currently is an inmate in the Federal detention Center, P.O.

1.  Box 562. Philadelphia, PA 19105, the case was improperly tried and the Plaintiff was convicted due to prejudice as resulting from ineffectiveness of Counsel. Accordingly, the court indicated <u>Awala is well-known to the Court, in the interest of judicial economy</u>, however, the action brought against this counsel see <u>United States v. Awala</u>, Crim. No. 04-90-KAJ(D.Del). Thus, on January 18, 2006, Plaintiff was not found guilty beyond a reasonable doubt nor in light of preponderance of evidence on evidence introduced at trial, nevertheless, the reinstatement of this civil case is not only limited to the craving for proper application of law or whether an issue was raised including that a finding by Hon. Judge Jordan is clearly erroneous or for a motion for consideration to correct manifest errors of law or fact which if proven are all feasible in this case. The need to reargue the civil rights claim is appropriate, especially where the Court has patently misunderstood the plaintiff, and has made decision outside the adversarial issues presented to the Court, including opinion in error not of reasoning but of apprehension of facts necessary to guide the court that he is entitled to bring an action against <u>Mr. Samuel C. Stretton</u>.

    The plaintiff alleges that the Court abused its discretion and ruled irrationally when he offered judgment of the case in question on <u>March 3, 2006</u>, as such indicated that the key purpose of a Rule 59(e) Fed.R.Civ.P, accordingly, was nonetheless, accepted on a finding of new rule and that falls under the exceptions outlined in <u>Zlotnicki</u>, nevertheless, Awala essentially alleges that the challenging claims was stated clearly in the case herein, when the plaintiff challenges the <u>adequacy of the counsels representation</u>

1.  his breach of the duty of fair representation, which normally accrued from the point he was appointed to defend the case as standby counsel and to his final adverse actions when he took over the prosecution during trial of the Plaintiffs criminal case, failed to exercise due care, did not fairly represent the Plaintiff extends equally to other persons in similar case. Thus, the counsel Stretton's conduct was "arbitrary, discriminatory, and/or bad faith and therefore, should not be misconstrued as the court stated on <u>Memorandum Order</u> dated March 3, 2006, at Wilmington, De, the courts misunderstood the Plaintiff when it stated that <u>"Awala seems to think Stretton is liable as an agent of the federal government</u>," the courts reasoning herein is nothing but apprehension of facts argued by the Plaintiff. The standard for malpractices is negligence, and the plaintiff Awala can prevail in its claim against Stretton for <u>Breach of duty of fair representation</u>, as to be consistent with the <u>American Bar Association's written policies and standard of practices and also pursuant to Title 18 U.S.C. §3006A(Adequate representation of defendants)</u>:

    The Plaintiff alleges that it can be readibly infer that the court improperly circumscribed limits of <u>color of state or federal law</u>, nothwithstanding, it is quite clear that the court overrides the sufficient preserved functioning of proceedings as setforth in <u>the §1983 Actions</u>. Awala brings this Action pursuant to 42 U.S.C. §1983 alleging violation of his Sixth Amendment Right and basic constitutional rights attaching to his criminal prosecution in which Awala has demonstrated sufficient prima facie showing of ineffective assistance of counsel. Thus, to sate a claim for relief under §1983, a plaintiff must allege, first, the violation

1.    of A RIGHT SECURED BY THE Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of <u>state law</u>. Since this court as well as other rule of law as agreed that defense counsel performing the traditional role of an attorney in criminal proceedings including public defenders, court-appointed counsel or privately retained counsels does not act under color of law, therefore, cannot be sued.

    In this instant case, the question turned on whether counsel's Stretton's role was traditional or general role, especially when he was called into representing a case he failed to adequately prepaired, visit his clients, conducts investigations, filed any pretrails Motions or Discoveries, thereafter, at trial failed to object to evidence, failed to adequately consult with his client, failed to present evidence, failed to insist and compel a competency hearingfailed to release the defendants overall documents and paper works mailed to him, failed to argue focused claims to the jury, failure to object to Jury Instruction and failed to cause trial court to give any cautionary instruction when he assume the <u>full role</u> as counsel when the Plaintiff was removed from the court room and the court told the jury to disregard the Plaintiff's own testimony, accordingly, the court in this case apprehended facts when it fail to consider the Totality of counsels Strettons representation, he <u>suggested the Plaintiff should terstify</u>, and then the court prevented him from cross-examining his client, he personally undermined the Plaintiffs no other choice efforts to proceed in Pro Se, prior to him been assigned the Full role, he observed the Judges Acquainted with

1. one of the jurors who sat on the panel, counsel did not objected when he observed that over six jurors who was brought and sat on the jury wheel were not pre-screened in <u>Voir Dire</u>. Therefore, from the inside out counsel Stretton was ineffective and his role in the criminal case against the Plaintiff was far beyond traditional representation, his role was full and general role of a counsel, he was experienced counsel of <u>30 years</u> his representation were objectively unreasonable against the plaintiff Awala. Reargument in a Jury panel pursuant to the 7th Amendment Civil Jury Trial is warranted here, since the court has certified the case <u>no good-faith</u> basis for an appeal otherwise the court is permitted to rethink its findings of facts and conclusion of law and grant relief under the Fed.R.Civ.P. Rule 59(a)(2). Without finality in consistent with the court process is a malicious abuse of process.

Accordingly, <u>Cobbledick v. United States</u>, 309 U.S 323, 324-326(1940). This principles is currently embodied in <u>28 U.S.C. 1291</u> which grants the federal courts of appeals jurisdiction to review "<u>all final decisions of the district courts</u>," both <u>civil and criminal</u>. Adherence to this rule of finality has been particularly stringent in civil as well as criminal because "the delays and disruptions attendantt upon intermediate appeal." The Plaintiff has a right to appeal FRAP 4(a) et seq. The court in this case is not permitted to undermine the principles of finality. Nonetheless, Awala places as follows the court's remarks on the issues and a question of what may be construed a <u>color of statute actors</u>.

Section <u>1983</u>, provides in relevant part:

Every person who, under <u>color of any statute</u>, ordinance, regulation, custom, or usage, of any State or Territory ... sub-

5.

1. jected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

## I. QUESTION PRESENTED

BECAUSE STRETTON IS NOT CONSIDERED TO HAVE ACTED UNDER COLOR OF FEDERAL LAW IN HIS FULL, GENERAL AND IN PART TRADITIONAL ROLE IN THE PLAINTIFFS CRIMINAL CASE WILL THE COURT ACCEPT THE PLAINTIFFS ARGUMENT THAT STRETTON APPEARED IN THE CRIMINAL CASE UNDER THE TITLE 18 U.S.C. §§3OOO6A THEREFORE INHERENTLY LIABLE FOR ACTING UNDER THE COLOR OF STATUTE AND DEPRIVED PLAINTIFF HIS RIGHTS TO ADEQUATE REPRESENTATION SECURED BY THE CONSTITUTION OR LAWS OF THE UNITED STATES ?

## II. ARGUMENT

THE FACTS ALLEGED, IF PROVEN, CONSTITUTE PREJUDICE, DEFICIENT PERFORMANCE THAT FELL BELOW STANDARD OF REASONABLENESS SUFFICIENT TO INJURE THE OUTCOME OF THE CRIMINAL CASE WHILE THE TEST IN STRICKLAND V WASHINGTON SUPPORT PLAINTIFF'S INABILITY TO DEFEND HIMSELF UNDER THE SIXTH AMENDMENT CLAUSE ALSO ESTABLISHED VIOLATION OF DUE PROCESS CLAUSE THEREFORE THE COUNSELS APPEARANCE SHOULD BE FOUND OPERATIONAL UNDER THE COLOR OF THE STATUTE MAKING HIM CONSTRUCTIVELY A STATE ACTOR AND LIABLE FOR HIS UNPROFESSIONAL ERRORS

The Honorable court should carefully redetermine whether a certificate of appealibility should issue, based on the plaintiffs showing of the denial of a constitutional right. The Plaintiff asserts herein that if the case is submitted to the Jury, any reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Furthermore, Awala has brought this civil action pursuant to 42 U.S.C. §1983 alleging that counsel <u>Stretton</u>, has violated his civil rights guaranteed

1.  under the United States Constitution. The practice complained of in this case--the intentional forcing of the alleged client on the Plaintiff's criminal case until it severely exposed the plaintiff to a general damages--violates fundermental conception of justices and is consistent with the community's sense of fair play and decency, in that his criminal trial become embittered by the reasonable perception that his conviction and planned sentence results from an unfair investigative parctice, including considerations that favored only the government at the detriment of the Plaintiff and in the exercise of reasonable diligence the Plaintiff knew or discovered the acts constituting the Plaintiff's alleged violations, claims of breach of the duty of fair representation <u>accrued not later than Samuel C Strettons</u> representation. Both the alleged deficiency in FEDERAL PUBLIC DEFENDARS representation of Mr. Gbeke Michael Awala, including possible conflict of interest, and Mr. Christopher Koyste's termination from his representating the Plaintiff was his deficiency. Therefore, Mr. Gbeke M. Awala is entitled to file the suit against <u>Mr. Samuel C. Stretton</u>., for his full role, in his individual capacity. Consequently, the court should permitt the case to proceed to trial berfore the Jury, grant open court or in court evidentiary hearing and permit the Plaintiff to meet its burden of proving punitive and general damages after a Jury finding.

2.  Plaintiff also alleges that Defendant unlawfully deprived him of his civil rights under the State of Delaware Constitution.

3.  Plaintiff reserve the right to amend this Complaint as soon as

3.  the plaintiff receives any notice from the court.

4.  Defendant, with knowledge of Plaintiff's rights, had then and continue to have a duty under the Fourth, Fifth, Sixth, Eight Ninth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Section 1981, 1982, 1983 and 1985 to not conduct adequate investigation as a result of his inadequacies Plaintiff was maliciously convicted and Defendant failed to act in conformity with the Sixth Amendment requirement that counsels is to assure effective representation.

5.  The defendant, Samuel C. Stretton, knowing also the inadequacies and deficiencies in the criminal case against the Plaintiff Gbeke Awala, failed to establish claims and implement Federal Rules of Criminal prosecedures, challenging the Jurisdictional power of the court to conduct the prosecution after Counsel herein Defendant learned that the case was frivolous and forbidden against an American Citizen.

6.  Defendant knowing of the Constitutional rights of Plaintiff, and with deliberate indifference to said rights, had failed and neglected to establish and implement case laws and Supreme Court precedent that could have favored the Plaintiff and avoid been inhanilated by the allege malicious prosecution, as well as failure to object to facts wrongfuly presented the Jury and failure to request currative instruction during full or traditional role as counsel.

7.  Defendant subjected the Plaintiff to cruel and unusual punishment by intentionally witholding of Plaintiffs legal files mailed to him from prison, to which he had promised to remail back to the Plaintiff once he touched down in Philadelphia, from New York MCC..

8.  The Plaintiff assert that since the Defendant was appointed from

8.

8. On March 31, 2005, the Court granted Awala's request to remove his stand-by counsel, Christopher Koyste, Esq. from the case see United States v. Awala, CR No. 04-901 KAJ D. Del. (filed August 24, 2004)(D.I.55) On May 24, 2005, the Court granted Awala's motion for a Forensic and clinical examination pursuant to Title 18 U.S.C. Section 4241 and 4241(b). The court then appointed the defendant herein(Samuel C. Streetton) as standby counsel. See id (D.I. 79). The Plaintiff, on June 21 2005, filed a Motion to Dismiss Attorney Stretton and filed a Motion to appear Pro Se, the Court mooted the Motion and thereby permit the counsel until he was used at trial and rendered arbitrary support, inadequate and unfair representation.

IMMINENT DANGER FOR IN FORMA PAUPERIS IS WELL PLEADED HEREIN

9. The Plaintiff alleges the discretionary power to permit indigent plaintiffs to proceed without first payment of filing fees was initially codified in the federal statute in 1892. See Act of July 20, 18892, ch.. 209 1-5, 27 Stat. 252. Congress enacted the I.F.P. statute, curretly codified. See Abdul-Akbar v. McKelvie, 239 F.3d 307 ("Three Strikes issue)(3d Cir. 2001)( Awala was under imminent danger justifiable right due at the time he filed the claim). The Court order of March 3, 2006, denying inter alia, the privilege to amend the complaint (quoting Grayson v. Mayview State Hosp, 293 F.3d 103, 111 (3d Cir. 2002). The court standard used to which it based its evaluation of the complait was not objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87(3d Cir. 1995)(Recommended objective standard). See also Denton v Hernandez, 504 U.S. 25, 34 (1992)(where a complaint can be remedied by a amendment, a district court may not

9.

9.  dismiss the complaint with prejudice, but must permit the amendment. The court must move for reconsideration, because the courts order is mathematicaly wrong, legaly wrong and factualy wrong, the court's order indicated at (1) the motion for reconsideration is denied: in rebuttal thereof, the court have not taken adequate consideration of the facts sufficiently submitted to the court, the court have not accepted that the allegations submitted are true, the court have only review with too harsh standard and improperly dismissed.; (2) the court dismissed without prejudice stating that the complaint is legally and factually frivolous, including for failure to state a claim upon which relief may be granted pursuant to 23 U.S.C. SEC. 1915(e)(2)(B) amd 1915A(b)(1). The court have undermined the discern of intelligence and well factually pleaded allegation submitted by me and most notably the allegation of threat of 'imminent danger of serious miscarriage of Justice or prevent manifest injustice, therefore, the court ruled erroneously and need to embrace the alternate opinion told in <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989)(a complaint that fails to state a claim upon which a relief may be granted is not authomatically frivolous). The compolaint submitted can be arguable in law or in fact. The Counsel was not stoped from the constitutional and professional obligation to conduct an investigation into potential mitigating evidence. Plaintiff forced to use one of his preemptory challenges on juror who should not be removed nor for any cause shows actual prejudice from expendature of preemptory challenges and the jurors to which the plaintiff objected and which were not question in relation to jury selection. The plaintiff did not validly waived his interrogation rights to render effective defendants waiver of right. Awala's amend to complaint should have been recommended by

10.

9.  the court;(3) and the court further stated as set forth in the Memorandum Order, the Court discerns no good-faith basis for an appeal. See Cobbledick v. United States, 309 U.S. 323(1940)(The principles is currently embodied in 28 U.S.C. Section 1291 which grants the court of appeals jurisdiction to review all final orders of civil). The court in the instant case need to correct a clear error of law to prevent manifest injustice. See Dasilva v. Esmor Corr. Services, Inc., Nos. 03-3095, 03-3348, 03-4435, 05-4007, 03-3096, 2006 WL 197610, at *3 (3d Cir. Jan 27, 2006). For the foregoing reasons there is ample reasons for appeal the courts goodfaith in fact is misplaced.

10. Plaintiff alleges that a criminal defendant simply cannot be expected to cooperate with attorney he reasonably believes are wrongly working behind his back to undermine his defense. That the Defendant in this case Samuel C. Stretton, an attorney his actions and omissions were negligent and/or reckless and/or intentional.

11. Defendant above-mentioned actions and/or omissions were comitted under color of statute and law and/or pursuant to policies, custom, practices, rules, regulations, ordinances, statutes and/or usage of the United States Constitution, American Bar Association and the State of Delaware.

12. Defendant above-mentioned actions and/or omissions violated the Fourth, Fifth, Sixth, Seventh, Eigth, Ninth and Fourteenth Amendment because they resulted in Plaintiff's beign the victim of a malicious prosecution.

13. As a direct and proximate result of the above-described actions and omissions of Defendant, Plaintiff has suffered general damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs, the exact amount of which will

11.

13. be proven at trial.

14. The acts, conduct, and behavior of Defendant, and inadequate representation, were performed knowingly, intentionally, and maliciously, by reason of which Plaintiff's is entitled to an award of punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court determine and enter judgment declaring that the acts and omissions of Samuel C. Stretton, as set forth above, violate rights secured to Plaintiff by the Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Sections 1981, 1982, 1983 and 1985;

2. That the Court award general damages to Plaintiff in excess of One Hundred Fifty Thousand Dollars($150,000.00);

3. That the Court award punitive damages to Plaintiff in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00);

4. That Defendant be required to pay legal costs and expenses in this action, including reasonable provisions for Plaintiff's attorney's fees;

5. That the Court grant such further and additional relief that it deems appropriate.

WHEREFORE, for the foregoing reasons, and for any others that may become apparent at a Trial on this matter, defendant Samuel C. Stretton was ineffective and the court should grant a New Criminal Trial including the foregoing claims.

12.

The Plaintiff has suffered in-jury-in-fact See <u>Valley Forge Christian College v. Americans United for Separation of Church & State, Inc</u>, (1982) 454 US 464. The court should release the Plaintiff from imprisonment.

Dated. 4/11 , 2006.

                                            Respectfully submitted,

cc: Samuel C. Stretton.                  Gbeke Michael Awala Pro Se
                                                               No. 82074-054
                                                                Federal Detention Center
                                                                P.O. Box 562
                                                                Philadelphia, PA 19105

```
GBEKE MICHAEL AWALA
No. 82074-054
Federal Detention Center
P.O. Box 562
Philadelphia, PA 19105
```

legal mail: