IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GBEKE M. AWALA,
Plaintiff,

v.

ATTORNEY SAMUEL C. STRETTON
Defendant.

Civ. No. 05-472-KAJ

FILED
FEB 28 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE
BD scanned

## SUPPLEMENTAL NOTICE OF APPEAL.

Plaintiff, Gbeke Michael Awala, shall be very grave, if the Court acknowledge the within Notice of Appeal, order protection of the defendant, having reviewed the Judge Kent A. Jordens Order dated March 3, 2006, and Plaintiff Gbeke M. Awala, having filed a Notice of Appeal, notwithstanding, the Court's discerned no good-faith basis for an appeal. Moreover, Plaintiff have listened to the defendant Samuel C. Stretton, with much Interest, and bring to notice what appear to be extraneous matter, by a deputation of Mr. Samuel C. Stretton, having gained a reputation of Lack of honesty and efficiency, yet surrounded by a Corrupt Government Agents and Assistant U.S. Attorney's i.e. Beth Moskow-Schnoll and Ilana H. Eisenstein, under the protection of Colm F. Connolly, Plaintiff aserts to the clear and able statement of Conspiracy

to subvert his U.S. Citizenship claim, to discourage any legitimate efforts of the Plaintiff, It will be the Court's total protectorate of Samuel C. Stretons Conduct, Thus, Judge Jordan's findings, as noted on March 3, 2006. On page 4 of the order "Because Stretton is not Considered to have acted under Color of federal Law, Awala's claim against him falls under Bivens." As a result the Court dismissed, pursuant to 28 U.S.C. Sec 1915(e)(2)(B) and 1915A(b)(1), the Ineffective assistance of Counsel Claim brought against Samuel C. Stretton.

Therefore, such dismissal was clearly erroneous and Unconstitutional facially. Accordingly, Plaintiff moves to Appeal the Order, notwithstanding, the date the order was issued, Plaintiff is eligible for an excusable neglect, although, Plaintiff once shown to the Clerk of this Court his unconditional desire to Appeal the order, whereas, the Notice of Appeal, was timely-filed then, and Statement of Intent to Appeal clearly set forth Plaintiff's Intention to appeal the order, and appellee/Defendant had adequate notice of Issues being appealed, and by entering and docketing this Appeal MR. Samuel C. Stretton would not be prejudice. See Denver & Rio Grande Western R. Co. v. Union Pacific R. Co. (Kan). 1997, 119 F.3d 47.

Similarly, any error the Court under Awala, Crim. No. 04-90-KAJ (D. Del. 2006), before any proceeding to lay an Investigation, before your Excellency. Sue L. Robinson, the main point is, this Counsel's Indulgence in Scheme is questionable, whether he should digress therefrom, there are thousands of great Lawyers in America, on the Contrary, the Court, ordered on January 7, 2007, and granted A MOTION FOR PRIVATE INVESTIGATOR to Samuel C. Stretton, as long as, it is necessary to Consult the protecting powers about the federal Color of Law, Plaintiff have no

2-A

Objection if Stretton can be sued under Color of Law, and draw up a scheme of the kind, that he had done, in aid to establish for the Government an Improved form of prosecution. Thus, before anything can be done on this Criminal Case, the Court is already with Plaintiff's petition to transmit Pro se power to the fullest, notwithstanding, Consequence of the outburst original, thereof. It will be Plaintiff's duty, in as brief and concise a manner as is consistent with the gravity of the case, that my proposed Pro se power be restored without any hinderances. I have no hesitation in saying that in some parts of the Scheme, Stretton was paid by a manner Inextricably Intertwined with bribery, on Appeal, by omitting reference to the Birth Certificate and/or Certification of Law of States of Florida. In addition, by not presenting by potentially presented Evidence mitigating against the Government. A defendant simply cannot be expected to Cooperate with attorney he reasonably believes are working behind his back to undermine his defense. See Morris v. Slappy, 461 U.S. 1 (1983), that a defendant has a right to a meaningful attorney-client relationship. See also Plumlee v. Del Papa, 9th Cir. No. 04-15101, 10/18/05. If assigned under Rule 701, 702 et seq. he will fail. Fed. R. Evid.

Here, when the whole Scheme on the Transcript was sent to me, my last Serving Last movement to Mr. Stretton, was to receive said Brief, because of his advocate, Plaintiff had not been able to secure a favorable disposition on the Appeal. Moreover, the Ninth Circuit reported that the federal Courts are nearly unanimous in their holding that an "Irreconciliable Conflict" between a defendant and

3-4

his attorney that leads to a breakdown in communication can prevent the attorney from serving as the type of "advocate" guaranteed by the Sixth Amendment, as interpreted in such cases as Anders v. California, 386 U.S. 738 (1967) and United States v. Cronic, 466 U.S. 648 (1984).

In the instant case, the Court need only believes so, Plaintiff is under necessity to discover his stolen documents, on the consequence thereof; suffice it, however, the question whether his Counsel was effective, and communication between us having been broken, fills many pages in the Court records. Nevertheless, the district Court had convicted Plaintiff, and as Intermediaries, the Court of Appeals for the 3rd Circuit, was "quite conceivably" that Plaintiff has no meaningful relationship with Mr. Streeton. In other words, this Court Continued to Construe Plaintiff as if an impecunious defendant, however, Streetons Standard is bereft of the standard established under the A.B.A. Principles of practice 4-4.1, 18 U.S.C. sec 3006A, that the defendant is entitled to an attorney who acts as his advocate, and as its clear here that Counsel Streetons functions herein are dysfunctional so its nearly and actually impossible for him to render constitutional minimum of adequate representation in the role of advocate. Thus, notwithstanding, the Government substitution of Beth-Moskow Schnoll for Ilana H. Eisenstein, Assistant U.S. Attorney, Counsel Streeton remains ineffective. See Union Carbide Corp (NJ). 1990, 904 F.2d 853. Notice of Appeal of complaint dismissed earlier order, meant complaint in its entirety. Here is my Notice of Appeal. Respectfully Submitted,

Dated: 2/12/07.

4-4

Gbeke M. Awala
No. 82074-054
M.V.C.C.
P.O. Box 2000
Philipsburg, PA 16866